**Bruce MARTIN, Appellant**

v.

**POWERMATIC, INC.; Jet Equipment and Tools, Inc.**

No. 08–2745.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 3, 2009.

Filed Dec. 30, 2009.

346

Ronald E. Russell, Esq., Kingshill, St. Croix, VI, for Appellant.

James L. Hymes, III, Law Offices of James L. Hymes, III, St. Thomas, VI, Joshua D. Lee, Esq., Schiff Hardin, Chicago, IL, for Defendant.

Before: McKEE, FUENTES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Martin sustained severe injuries to his left hand while operating a saw at his place of employment. The saw was at least fifty years old and had been sold by the original buyer to the previous owner of the company that employed Martin. The saw did not have a safety guard on the blade. Martin claims that the condition of the saw caused his injuries, making Powermatic Corporation strictly liable, negligent for failure to warn, or in breach of an express warranty or implied warranty of merchantability.

Generally, the sale or transfer of assets from one company to another is not a legal basis for asserting successor liability against the purchaser for the torts of the transferor. *Polius v. Clark Equipment Co.*, 802 F.2d 75, 77 (3d Cir.1986). The District Court correctly concluded that ownership of the assets of the Powermatic Division was transferred to JET Equipment and Tools, Inc. through an asset purchase agreement with DeVlieg–Bullard, Inc., during the time that DeVlieg–Bullard was in the midst of reorganization under Chapter 11 of the Bankruptcy Code. Moreover, we agree that there is no record evidence that Powermatic fell within any of the exceptions to the general rule of successor nonliability that we describe in *Polius*. The asset purchase agreement expressly disclaimed all product liability claims against the Powermatic Division of DeVlieg–Bullard, Inc., for products sold before the closing date of the agreement. We also agree that the evidence does not support a *de facto* merger finding.

With respect to the implied warranty claims, Martin essentially challenges JET's argument before the District Court that an implied warranty claim cannot be raised

where strict liability is not actionable. However, the District Court's decision was not based upon this legal argument. Instead, the District Court dismissed this claim on the basis that implied warranties were expressly and conspicuously excluded in the operating instructions manual of the machine in question. Martin's appeal does not dispute this. For this reason, we must conclude that the District Court properly dismissed this claim.